IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KATHARINE SUE WRIGHT, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> KILOLO KIJAKAZI, ) <br> ACTING COMMISSIONER OF ) <br> SOCIAL SECURITY ) <br> ADMINISTRATION, ) <br> ) <br> Defendant. ) | Case No. CIV-20-635-SM |

## MEMORANDUM OPINION AND ORDER

Katharine Sue Wright (Plaintiff) brings this action for judicial review of the Commissioner of Social Security's final decision that she was not "disabled" under the Social Security Act. *See* 42 U.S.C. §§ 405(g), 423(d)(1)(A). The parties have consented to the undersigned for proceedings consistent with 28 U.S.C. § 636(c). *See* Docs. 17,18.[1]

Plaintiff asks this Court to reverse the Commissioner's decision and remand the case for further proceedings, arguing that (1) the Administrative Law Judge (ALJ) erred in his application of the six-step analysis to account for her drug and alcohol abuse (DAA) and (2) substantial evidence did not support

---

[1] Citations to the parties' pleadings and attached exhibits will refer to this Court's CM/ECF pagination. Citations to the administrative record (AR) will refer to its original pagination.

his residual functional capacity[2] (RFC) assessment. After a careful review of the record, the parties' briefs, and the relevant authority, the Court agrees the ALJ's decision lacked a proper DAA analysis and reverses and remands the ALJ's decision for further proceedings. The Court does not decide Plaintiff's remaining argument, as that issue is best left for the ALJ to consider on remand. *See* 42 U.S.C. § 405(g).

## I. Administrative determination.

### A. Disability standard.

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). "This twelve-month duration requirement applies to the claimant's inability to engage in any substantial gainful activity, and not just [the claimant's] underlying impairment." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citing *Barnhart v. Walton*, 535 U.S. 212, 218-19 (2002)).

---

[2] Residual functional capacity "is the most [a claimant] can still do despite [a claimant's] limitations." 20 C.F.R. §§ 404.1545 (a)(1), 416.945(a)(1).

### B.     Burden of proof.

Plaintiff "bears the burden of establishing a disability" and of "ma[king] a prima facie showing that [s]he can no longer engage in h[er] prior work activity." *Turner v. Heckler*, 754 F.2d 326, 328 (10th Cir. 1985). If Plaintiff makes that prima facie showing, the burden of proof then shifts to the Commissioner to show Plaintiff retains the capacity to perform a different type of work and that such a specific type of job exists in the national economy. *Id.*

### C.     Relevant findings.

#### 1.     Administrative Law Judge's findings.

The ALJ assigned to Plaintiff's case applied the standard regulatory analysis to decide whether Plaintiff was disabled during the relevant timeframe. AR 569-76; *see* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); *see also Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (describing the five-step process). The ALJ found Plaintiff:

(1)   had not engaged in substantial gainful activity since her amended alleged onset date of December 31, 2016;

(2)   had the following severe medically determinable impairments: degenerative disc disease, chronic low back pain, bipolar disorder, panic disorder with agoraphobia, posttraumatic stress disorder, and a history of substance abuse;

(3)   had no impairment or combination of impairments that met or medically equaled the severity of a listed impairment;

(4) had the RFC to perform light work, with certain nonexertional restrictions;

(5) was not able to perform her past relevant work;

(6) was able to perform jobs that exist in the national economy; and so,

(7) had not been under a disability from December 31, 2016 through June 19, 2019.

*See* AR 569-76.

### 2. Appeals Council's findings.

The Social Security Administration's Appeals Council denied Plaintiff's request for review, *see id.* at 555-62, making the ALJ's decision "the Commissioner's final decision for [judicial] review." *Krauser v. Astrue*, 638 F.3d 1324, 1327 (10th Cir. 2011).

## II. Judicial review of the Commissioner's final decision.

### A. Review standard.

The Court reviews the Commissioner's final decision to determine "whether substantial evidence supports the factual findings and whether the ALJ applied the correct legal standards." *Allman v. Colvin*, 813 F.3d 1326, 1330 (10th Cir. 2016). Substantial evidence is "more than a scintilla, but less than a preponderance." *Lax*, 489 F.3d at 1084; *see also Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) ("It means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.")

4

(internal quotation marks and citation omitted). A decision is not based on substantial evidence "if it is overwhelmed by other evidence in the record." *Wall*, 561 F.3d at 1052 (citation omitted). The Court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Newbold v. Colvin*, 718 F.3d 1257, 1262 (10th Cir. 2013) (citation omitted).

### B. The ALJ's failure to conduct a DAA analysis was not harmless error.

The Commissioner concedes the ALJ erred, but argues any error is harmless: "The ALJ should have ignored the effects of her drug addiction only after []he found that Plaintiff was disabled with her drug addition [sic]." Doc. 24, at 6-7. In arguing harmless error, the Commissioner maintains that substantial evidence supports the ALJ's decision because he clearly would have found her "not disabled in the absence of substance abuse." *Id.* at 7.

The Social Security Act provides that "[a]n individual shall not be considered to be disabled . . . if alcoholism or drug addiction would (but for this paragraph) be a contributing factor material to the Commissioner's determination that the individual is disabled." 42 U.S.C. § 423(d)(2)(C); *see also* 20 C.F.R. §§ 404.1535, 416.935. The key factor in making this determination is whether the claimant would still be found disabled if she stopped using drugs or alcohol. 20 C.F.R. §§ 404.1535(b)(1), 416.935(b)(1). According to these

regulations, the ALJ must first evaluate which of a claimant's limitations would remain if the claimant stopped using drugs or alcohol and, second, whether any or all of their remaining limitations would be disabling. *Id*. §§ 404.1535(b)(2), 416.935(b)(2). If the claimant's remaining limitations would not be disabling, her alcoholism or drug addiction is a contributing factor material to a disability determination and benefits will be denied. *Id*. §§ 404.1535(b)(2)(i), (b)(2)(i). But if the claimant would still be considered disabled due to her remaining limitations, the claimant's alcoholism or drug addiction is not a contributing factor, and she is entitled to benefits. *Id*. §§ 404.1535(b)(2)(ii), 416.935(b)(2)(ii).

Social Security Ruling 13-2p explains the Social Security Administration's "policies for how [it] consider[s] whether '[DAA]' is a contributing factor material to [its] determination of disability." SSR 13-2p, 2013 WL 621536 (Feb. 20, 2013). SSR 13-2p explains the considerations at issue in the "DAA evaluation process" in six steps. *See id.* at *5.

At Step One of the DAA evaluation process, the adjudicator considers whether the claimant has DAA. *Id*. If the claimant does have DAA, the adjudicator determines, at Step Two, whether the claimant is disabled considering all impairments, including DAA. *Id*. At Step Three, if DAA is the only impairment, it is considered material and the application for benefits is

denied. *Id.* If it is not the only impairment, the adjudicator considers, at Step Four, whether the other impairments are disabling by themselves while the claimant is dependent on abusing drugs or alcohol. *Id.* If the impairments are disabling during drug or alcohol dependence, the ALJ determines, at Step Five, whether the DAA causes or affects the claimant's medically determinable impairments. *Id.* If the DAA does not cause or affect these impairments, it is not material and benefits are awarded. *Id.* If the DAA causes or affects the other impairments, the adjudicator considers, at Step Six, whether the other impairments would improve to the point of nondisability absent the DAA. *Id.* If the impairments would so improve, the DAA is material and benefits are denied. *Id.* On the other hand, if the impairments would not improve to the point of nondisability without DAA, DAA is not material and benefits are awarded. *Id.*

The ALJ neither referenced SSR 13-2p; nor did he discuss its six steps. The Commissioner essentially concedes the ALJ could have referenced SSR 13-2p and numbered the steps of his DAA analysis under SSR 13-2p, but his failure to do so does not mean he did not conduct a proper DAA analysis. The Commissioner maintains:

> the ALJ's error here is harmless because the ALJ's decision makes clear that []he would have found Plaintiff not disabled in the absence of substance abuse. Because "the agency's path may be

7

>reasonably discerned," it should be affirmed because "concluding otherwise here would exalt form over substance." *Richard v. Berryhill*, CIV-16-928-HE, 2018 WL 920651, at *1-2 (W.D. Okla. Feb. 16, 2018) (affirming the ALJ's decision, even where the ALJ did not explictiy [sic] apply the alternate five-step analysis for a DAA case).

Doc. 24, at 7.

The Commissioner seems to argue that a reasonable person could determine that most of Plaintiff's absenteeism due to hospitalizations stemmed from her frequent drug use and not from her mental health problems. Doc. 24, at 11-12. "Because substantial evidence supports the ALJ's finding that Plaintiff's inpatient hospitalization's [sic] were triggered by substanace[3] [sic] abuse, and that her outpatient treatment examinations showed only mildly abnormal findings consistent with the ALJ's residual functional capacity findings—the ALJ's decision should be affirmed." *Id.* at 10.

The ALJ found the opinion evidence that preceded the amended alleged onset date to be of only minimally probative value. AR 574. He reviewed Plaintiff's hospitalizations and mental-health treatment during the relevant period, and he noted which hospitalizations were accompanied by positive illicit drug tests. *Id.* at 572-73. He found Plaintiff's subjective complaints about the limiting effect of her symptoms to be inconsistent with the medical

---

[3]  The Court notes the Commissioner's brief is rife with spelling errors.

8

evidence. *Id.* at 573. He acknowledged that while Plaintiff had "some hospitalizations resulting from paranoia, delusions, and auditory hallucinations, most were accompanied by positive drug test for illicit and/or unprescribed drugs. . . ." *Id.*; *see also id.* at 574 ("[M]ost [inpatient hospitalizations] were triggered by substance abuse."). Upon release from the inpatient care, and upon resuming her medications, the ALJ found Plaintiff to show only mild to moderate limitations, and that the objective medical evidence showed Plaintiff was cooperative, with normal mood and affect. *Id.* at 573.

The Court recognizes there is painfully little guidance on the interplay of the regular five-step disability analysis and the six-step DAA analysis. SSR 13-2p instructs that ALJs must "provide sufficient information so that a subsequent reviewer considering all of the evidence in the case record can understand the reasons" that the ALJ found the claimant not disabled without drug and alcohol abuse. SSR 13-2p, at *14. The Commissioner does not argue that a DAA analysis was not required; she only argues harmless error. *See e.g.*, *Drapeau v. Massanari*, 255 F.3d 1211, 1214 (10th Cir. 2001) ("The Commissioner must first make a determination that the claimant is disabled. He must then make a determination whether the claimant would still be found disabled if [ ] she stopped abusing alcohol.") (internal citations omitted).

The Court cannot discern whether the ALJ adequately addressed the "materiality" of Plaintiff's DAA as required. Under this analysis, the ALJ must determine whether the DAA is a "material contributing factor to the claimant's disability." *Redman v. Colvin*, No. CIV-12-1039-R, 2014 WL 652314, at *1 (W.D. Okla. Feb. 19, 2014) (citing 20 C.F.R. § 416.935(a)); *see also* 20 C.F.R. § 404.1535(a). "In making this determination, the 'key factor . . . is whether [the ALJ] would still find [claimant] disabled if [claimant] stopped using drugs or alcohol.'" *Redman*, 2014 WL 652314, at *1 (citation omitted).

The ALJ's summary shows Plaintiff received approximately twelve weeks of intermittent inpatient care from January 2017 through October 2018. AR 572-73. Plaintiff unquestionably has a long history of mental illness. During these visits she showed suicidal (and some homicidal) thoughts, delusions, hallucinations, and paranoia among other symptoms. *Id.* And illicit drug use accompanied many of her hospitalizations, but not all. *Id.* The ALJ's RFC assessment was made without mentioning Plaintiff's limitations during DAA cessation. *See id.* at 571-74. The RFC assessment appears to only consider Plaintiff's mental impairments, omitting altogether any consideration of drug or alcohol use. *See id.* Without a finding from the ALJ as to Plaintiff's abilities when refraining from substance abuse, the Commissioner asks us to infer that the ALJ's DAA materiality assessment would support a finding that Plaintiff's

substance abuse is a contributing factor material to the determination of disability. Simply put, the ALJ has failed to provide sufficient rationale for his finding that Plaintiff is not disabled absent drug and alcohol abuse, placing his decision beyond meaningful judicial review and leaving the Court to speculate as to which evidence led to his conclusion. *See Clifton v. Chater*, 79 F.3d 1007, 1009-10 (10th Cir. 1996) (reasoning that the ALJ's "bare conclusion" in which he merely stated a summary conclusion was "beyond meaningful judicial review").

On remand, the ALJ should follow the steps enumerated in SSR 13-2p and carefully explain the rationale for his determination as to the materiality of Plaintiff's DAA, which must be supported by substantial evidence. The ALJ should also ensure that the record is fully developed and may wish to require additional consultative evaluations, particularly as to any projected improvement of Plaintiff's co-occurring mental disorders absent DAA.

The Court rejects Plaintiff's request for an immediate award of benefits. While her claim has been pending for a substantial amount of time, the amended alleged onset date reduced this period. And this case does not adequately reflect other factors that might support an immediate award of benefits. *See Salazar v. Barnhart*, 468 F.3d 615, 626 (10th Cir. 2006) (citing "the length of time the matter has been pending" as just one "relevant factor"

when assessing whether to award benefits). Plaintiff has not "exceeded what a claimant can legitimately be expected to prove to collect benefits," nor is there evidence that the ALJ "resent[s]" or has "disrespect[ed]" Plaintiff. *See Sisco v. U.S. Dep't of Health & Human Servs.*, 10 F.3d 739, 745-46 (10th Cir. 1993). The Court's review of the record as a whole also does not definitively "support [ ] the conclusion that [Plaintiff] is disabled." *See Frey v. Brown*, 816 F.2d 508, 518 (10th Cir. 1987).

### III. Conclusion.

Plaintiff's arguments for remand are well taken, and the Court finds this matter should be remanded for a reevaluation of the extent to which Plaintiff's DAA is a contributing factor material to the determination of disability, as set forth above.

**ENTERED** this 29th day of September, 2021.

*[signature]*

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE